F I L E D
CLERK, U.S. DISTRICT COURT
06/09/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TODD AMENT,<br><br>　　　　Defendant. | No. 8:22-cr-00081-FLA<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1014: False Statements to a Financial Institution; 26 U.S.C. § 7206(1): Subscribing to a False Tax Return; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act to Be Done; 18 U.S.C. §§ 981 and 982, 26 U.S.C. § 7301, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The United States Attorney charges:

COUNT ONE

[18 U.S.C. §§ 1343, 2(a)]

A.　INTRODUCTORY ALLEGATIONS

　　At times relevant to this Information:

　　1.　Throughout 2019, defendant TODD AMENT served as President and Chief Executive Officer of the Anaheim Chamber of Commerce ("ACC").

　　2.　Individual 1 was a political consultant, and Victim Company 1 was a cannabis company and a client of Individual 1.

B.   THE SCHEME TO DEFRAUD

3.   Beginning on an unknown date, but no later than in or around July 2019, and continuing through at least in or around October 2019, in Orange County, within the Central District of California, defendant AMENT, together with Co-Schemer 1, and others known and unknown to the United States Attorney, each aiding and abetting the other, knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud Victim Company 1 as to material matters, and to obtain money and property from Victim Company 1 by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

4.   The scheme to defraud operated, in substance, as follows:

   a.   Defendant AMENT would solicit from Individual 1 and his or her client, Victim Company 1, a payment of $225,000 to the ACC, and defendant AMENT would represent to Individual 1 and Victim Company 1 that the payment would be used in its entirety to create an ACC Cannabis Task Force that would draft, and lobby for the passage of, an ordinance authorizing the retail sale of cannabis in the City of Anaheim, thereby benefitting Victim Company 1 and its business interests.

   b.   At defendant AMENT's direction, Individual 1 would direct his or her client, Victim Company 1, to pay $225,000 to the ACC.

   c.   Through the ACC, defendant AMENT would use Victim Company 1's funds to hire Consulting Company 1, a company owned and controlled by Co-Schemer 1, to purportedly manage the Cannabis Task Force, lobby for the passage of a cannabis ordinance, and conduct

public opinion polling. The ACC would pay Consulting Company 1 at least $55,000 of the $225,000 that Victim Company 1 paid the ACC, purportedly for work on the Cannabis Task Force to benefit Victim Company 1.

   d. Unbeknownst to Victim Company 1, Consulting Company 1 would send several "kickback" payments, totaling at least $41,000, to defendant AMENT. Defendant AMENT would deposit these kickbacks into his own personal bank account.

   e. Neither defendant AMENT nor Consulting Company 1 would ever inform Victim Company 1 that at least $41,000 of the $225,000 paid to the ACC would be paid to defendant AMENT individually.

C. <u>USE OF INTERSTATE WIRES</u>

  5. On or about July 17, 2019, in Orange County, within the Central District of California, defendant AMENT and Co-Schemer 1, together with others known and unknown to the United States Attorney, each aiding and abetting the other, for the purpose of executing the above-described scheme to defraud, caused the transfer of $85,000 from Victim Company 1's bank account at JP Morgan Chase, which traveled through Pacific Western Bank's server in Las Vegas, Nevada, to the ACC's bank account ending in 4088 at Pacific Western Bank's Anaheim, California branch by means of wire communication in interstate commerce.

COUNT TWO

[18 U.S.C. § 1343]

A.   INTRODUCTORY ALLEGATIONS

At times relevant to this Information:

**Economic Injury Disaster Loan Program**

1.   The Economic Injury Disaster Loan ("EIDL") program was a Small Business Administration ("SBA") program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters.  The Coronavirus Aid, Relief, and Economic Security ("CARES") Act -- a federal law enacted in or around March 2020 to provide emergency financial assistance to Americans suffering economic harm from the COVID-19 pandemic -- authorized the SBA to provide EIDL loans to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

2.   In order to obtain an EIDL loan, a qualifying small business had to submit an application to the SBA and provide information about its operations.  EIDL applications were submitted directly to the SBA.  If the application was approved, the amount of the loan was determined based, in part, on the information provided by the applicant.  The entity that applied for the EIDL loan could also request that the SBA provide an advance or emergency grant of $1,000 for each person that the entity employed, up to $10,000.

3.   Following the submission of the application, and prior to and as a condition of the disbursement of the loan, the applicant had to sign a Loan Authorization and Agreement ("LA&A"), certifying that, among other things, the loan proceeds would be used solely for

business purposes.  All EIDL loan proceeds were issued directly by the SBA, and initiated in Denver, Colorado.

B.   THE SCHEME TO DEFRAUD

4.   Beginning in or around April 2020, and continuing through in or around May 2020, in Orange County, within the Central District of California, defendant TODD AMENT, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud the SBA as to material matters, and to obtain monies, funds, assets, and other property owned by and in the custody and control of the SBA by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

5.   The fraudulent scheme operated and was carried out, in substance, as follows:

   a.   On or about April 2, 2020, defendant AMENT would electronically apply to the SBA for an EIDL loan on behalf of TA Consulting ("TAC"), a sole proprietorship with no substantial operations or employees, and request an advance of up to $10,000.

   b.   On or about May 27, 2020, after a $1,000 advance had already been disbursed to defendant AMENT, defendant AMENT would electronically execute and submit to the SBA an LA&A, falsely representing and certifying, among other things, that he would use all EIDL loan proceeds "as working capital to alleviate economic injury caused by disaster occurring in the month of January 31, 2020 and continuing thereafter."

   c.   Defendant AMENT would cause the SBA, through the United States Department of the Treasury, to rely on defendant AMENT's false representations and certifications in the LA&A, and on or about May 27, 2020, to credit a Bank of America account ending in

5

5848 -- which account was opened in Anaheim, California on or about August 25, 2016 -- with $61,900 in EIDL loan proceeds.

       d.   Defendant AMENT would use the EIDL loan proceeds to pay for personal expenses, including property taxes related to his home and purchases at suit stores, retail clothing stores, and retail boat dealers.

D.   USE OF THE WIRES

    6.   On or about May 27, 2020, in Orange County, within the Central District of California, for the purpose of executing the above-described scheme to defraud, defendant AMENT caused the transfer of approximately $61,900 from the SBA to a Bank of America account ending in 5848 -- which defendant AMENT controlled -- by means of wire communication in interstate commerce.

COUNT THREE

[18 U.S.C. §§ 1014, 2(b)]

On or about December 4, 2020, in Orange County, within the Central District of California, defendant TODD AMENT knowingly made, and willfully caused to be made, false statements and reports to JP Morgan Chase Bank, N.A. ("Chase"), an institution the accounts of which were insured by the Federal Deposit Insurance Corporation, for the purpose of influencing the actions of Chase in connection with a mortgage loan application. Specifically, defendant AMENT submitted, and willfully caused to be submitted, to Chase, a letter that falsely represented to Chase that three deposits from Consulting Company 1 to bank accounts controlled by defendant AMENT, totaling $205,000, were earned income based on consulting services performed by defendant AMENT's consulting company on behalf of Consulting Company 1, when, in fact, as defendant AMENT then knew, the deposits of $205,000 represented a loan to defendant AMENT.

COUNT FOUR

[26 U.S.C. § 7206(1)]

On or about September 4, 2020, in Orange County, within the Central District of California, defendant TODD AMENT willfully made and subscribed to a materially false U.S. Individual Income Tax Return, Form 1040, for tax year 2019, which was verified by a written declaration that it was made under the penalties of perjury, which was filed with the Internal Revenue Service, and which defendant AMENT did not believe to be true and correct as to every material matter, in that defendant AMENT reported in Schedule C of his Form 1040 that his gross receipts for tax year 2019 were $30,005, when, in fact, as defendant AMENT then knew and believed, his gross receipts for tax year 2019 were approximately $355,604.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), in the event of defendant TODD AMENT's conviction of any of the offenses set forth in Counts One and Two of this Information.

2. Defendant AMENT, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to any such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), defendant AMENT, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of defendant AMENT, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 982]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), and Title 28, United States Code, Section 2461(c), in the event of defendant TODD AMENT's conviction of the offense set forth in Count Three of this Information.

2. Defendant AMENT, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), and Title 28, United States Code, Section 2461(c), defendant AMENT, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[26 U.S.C. § 7301 and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 7301, and Title 28, United States Code, Section 2461(c), in the event of defendant TODD AMENT's conviction of the offense set forth in Count Four of this Information.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) Any property sold or removed by the defendant in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which was removed, deposited, or concealed with intent to defraud the United States of such tax or any part thereof;

(b) All property manufactured into property of a kind subject to tax for the purpose of selling such taxable property in fraud of the internal revenue laws, or with design to evade the payment of such tax;

(c) All property whatsoever, in the place or building, or any yard or enclosure, where the property described in subsection (a) or (b) is found, or which is intended to be used in the making of property described in subsection (a), with intent to defraud the United States of tax or any part thereof, on the property described in subsection (a);

(d) All property used as a container for, or which shall have contained, property described in subsection (a) or (b);

(e) Any property (including aircraft, vehicles, or vessels) used to transport or for the deposit or concealment of property

12

described in subsection (a) or (b), or any property used to transport or for the deposit or concealment of property which is intended to be used in the making or packaging of property described in subsection (a); and

   (f)  To the extent that such property is not available for forfeiture, a sum of money equal to the total value of the property described in this paragraph.

  3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has

//

//

been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                            TRACY L. WILKISON
                            United States Attorney

*/s/ Scott Garringer*

                            SCOTT M. GARRINGER
                            Assistant United States Attorney
                            Chief, Criminal Division

                            BENJAMIN R. BARRON
                            Assistant United States Attorney
                            Chief, Santa Ana Branch Office

                            DANIEL H. AHN
                            Assistant United States Attorney
                            Senior Litigation Counsel

                            DANIEL S. LIM
                            MELISSA S. RABBANI
                            Assistant United States Attorneys
                            Santa Ana Branch Office