1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA | Case No.  8:22–cr–00081–FLA |
| Plaintiff, | |
| v. | **STANDING ORDER RE: PRETRIAL, TRIAL, AND POST-TRIAL REQUIREMENTS, AND CONDUCT OF ATTORNEYS AND PARTIES** |
| TODD AMENT | |
| Defendant/s. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

This action has been assigned to the calendar of United States District Judge Fernando L. Aenlle-Rocha. Both the court and the parties' counsel bear responsibility for the progress of this action. To ensure the just determination of this action, "to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay," as called for in Fed. R. Crim. P. 2, all parties or their counsel, including pro se defendants,[1] are ordered to be familiar with the Federal Rules of Criminal Procedure, the Local Criminal Rules of the Central District of California ("Local Criminal Rules"), the applicable Local Civil Rules of the Central District of California ("Local Civil Rules"),[2] and this court's standing orders and online procedures and schedules.

Unless the court orders otherwise, the following rules shall apply.

## I.    GENERAL REQUIREMENTS

### A.    Filings:

The captioned title of every filing shall contain: (a) the name of the first-listed defendant as well as the name(s) and number(s) (in the order listed in the Indictment) of the particular defendant(s) to whom the filing applies, unless the document applies to all defendants; (b) the individual defendant's registration number when applicable to the relief requested (e.g., requests for transfer, medical requests); and (c) the milestone dates for Indictment, Final Pretrial Conference, Trial, and Last Day of the speedy trial period.

All parties shall docket items only as to the particular defendant(s) to whom the item pertains, rather than all defendants, unless the item pertains to all.

_____

[1] Parties appearing pro se must comply with the Federal Rules of Civil Procedure and the Local Rules. Local Civil Rules 1-3 and 83-2.2.3.

[2] "When applicable directly or by analogy, the Local [Civil] Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified." Local Criminal Rule 57-1.

1  Except for documents filed under seal or in camera, every document shall be filed

2  electronically in such a way that it is clear from the docketing entry to which

3  defendant(s) it applies. The outer envelope containing any document filed under

4  seal or in camera should identify the case title by the first-listed defendant and

5  case number only, and should state that the document is being filed under seal or

6  in camera.

7       Pursuant to Local Civil Rule 11-3.1.1, either a proportionally spaced or

8  monospaced face may be used. Typeface shall comply with Local Civil Rule 11-

9  3.1.1. Times New Roman font must be no less than fourteen (14) point, and

10  Courier font must be no less than twelve (12) point. Footnotes shall be in the same

11  font and the same size as the text in the body of the document.

12       Counsel must follow the Central District's Local Rules and General Orders

13  concerning electronic filing, unless superseded by this Order. Counsel shall adhere

14  to Local Civil Rule 5-4.3 with respect to the conversion of all documents to .pdf

15  so that when a document is e-filed, it is in the proper size and is .pdf searchable.

16  Further, all documents shall be filed in a format so that text can be selected, copied,

17  and pasted directly from the document. *See* Local Civil Rule 5-4.3.1.

18      **B.**    **CHAMBERS COURTESY COPIES**

19       The court does not require chambers copies of any motion papers or related

20  exhibits, and discourages the parties from sending courtesy copies to chambers.

21  The court refers the parties to the trial requirements listed below for details

22  regarding mandatory chambers copies of trial exhibits. This order is not intended

23  to affect the parties' ability to file and lodge documents and materials that are

24  exempt from electronic filing under Local Criminal Rule 49-1.2.

25      **C.**    **CALENDAR CONFLICTS**

26       If any counsel discovers a calendar conflict with a scheduled appearance in a

27  court of a more senior district judge, counsel must inform opposing counsel and

28  the Courtroom Deputy Clerk via chambers email address at:

1   FLAChambers@cacd.uscourts.gov as soon as possible and not later than three (3)

2   business days before the scheduled appearance. Counsel should attempt to agree

3   on a new date to accommodate the calendar conflict. Counsel must propose a new

4   date by Stipulation and [Proposed] Order.

5       The court requires an attorney of record to appear at all hearings, and will not

6   permit others to stand in on his or her behalf. If an attorney of record cannot appear

7   at a scheduled hearing due to unforeseen circumstances, the parties should follow

8   the procedure outlined above as soon as the conflict arises.

9   **II.    PRE-TRIAL PROCEDURES**

10      **A.    Continuances**

11      Requests for continuances of pretrial and trial dates must be by motion,

12  stipulation, or application. All requests must be signed by both the defendant(s) and

13  counsel. Each request must include a detailed factual showing of good cause and

14  due diligence demonstrating the necessity for the continuance, stating whether any

15  previous requests for continuances have been made and whether these requests

16  were granted or denied by the court. The court will not grant requests to continue

17  pretrial and trial dates absent the detailed showing. General statements are

18  insufficient to establish good cause.

19      To the extent the request to continue dates is joint, it should state clearly that

20  the government and defendant(s) agree. To the extent the action is complex, one or

21  more parties require additional time to prepare for trial, or other circumstances

22  apply necessitating a continuance, the request should so state and describe in detail.

23  A list of counsel's upcoming scheduled trials in other actions will not support a

24  showing of good cause absent the following information regarding each such action

25  listed: (1) the case name, case number, court where the action is pending, and the

26  initials of the district judge or name of the state court judge assigned to the action;

27  (2) the age of the action; (3) the nature of the offense(s) charged and complexity of

28  the action; (4) the scheduled trial date; (5) the estimated length of trial; (6) the

1   number of continuances previously granted; (7) the parties' trial readiness; (8) the

2   estimated likelihood a future continuance will be requested; and (9) the likelihood

3   the trial will proceed on the scheduled date.

4        Counsel shall avoid submitting requests for continuance of trial less than one

5   (1) week prior to the final pretrial conference. It is best to leave a message for the

6   Courtroom Deputy Clerk, Twyla Freeman, at (213) 894-5686, as soon as you know

7   a request for continuance will be made. A request to continue dates that have

8   already expired constitutes a presumptive lack of due diligence. Requests extending

9   dates set by the court are not effective unless approved by the court.

10   **B.    Motions**

11        Motions shall be filed in accordance with Fed. R. Crim. P. 47 and Local

12   Criminal Rule 49, *et seq*., unless superseded by this Order. The court hears motions

13   in criminal actions on Fridays, beginning at 10:30 a.m.

14        Counsel must meet and confer with opposing counsel "to discuss thoroughly ...

15   the substance of the contemplated motion and any potential resolution" thereof.

16   Local Criminal Rule 57-1; Local Civil Rule 7-3. Counsel shall discuss the issues

17   to a sufficient degree that if a motion is still necessary, the briefing may be

18   directed to those substantive issues requiring resolution by the court.

19        Pretrial motions, including motions to suppress evidence, motions to bifurcate

20   or sever, and motions concerning character evidence under Fed. R. Evid. 404(b),

21   shall be noticed for a Friday that is mutually agreed to by counsel. It is not

22   necessary to clear a hearing date with the Courtroom Deputy Clerk before filing

23   a motion.

24        For all motions other than motions in limine, the briefing schedule is as

25   follows: motions shall be filed five (5) weeks prior to the hearing; oppositions or

26   notices of non-opposition shall be filed three (3) weeks prior to the hearing; and

27   replies, if any, shall be filed two (2) weeks prior to the hearing. All motions must

28   be properly noticed for hearing no later than the date of the Final Pretrial

Conference.

The parties should not calendar a matter on a Friday that is a court holiday. If this occurs, the court will re-calendar the matter for another Friday. The parties must adhere to the briefing schedule set forth herein, to afford the court adequate time to prepare for the hearing; however, the parties may stipulate to an alternate briefing schedule contingent upon approval by the court. Failure to comply with these deadlines may result in the court declining to consider the untimely memorandum or other document. Local Criminal Rule 57-1; Local Civil Rule 7-12.

Memoranda of points and authorities in support of or in opposition to motions (besides motions in limine) shall not exceed twenty-five (25) pages. Replies shall not exceed twelve (12) pages. Only in rare instances and for good cause shown will the court grant an application to extend these page limitations. No supplemental brief shall be filed without prior leave of court.

### C.    Ex Parte Applications

Ex parte applications are disfavored. The court considers ex parte applications on the papers and does not usually set these matters for hearing. If a hearing is necessary, the parties will be notified. Ex parte applications are solely for extraordinary relief and should be used with discretion. Sanctions may be imposed for misuse of ex parte applications. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.,* 883 F. Supp. 488 (C.D. Cal. 1995).

Ex parte applications that fail to conform to Local Civil Rules 7-19 and 7-19.1, including a statement of opposing counsel's position, will not be considered except upon a specific showing of good cause. The moving party shall serve the opposing party electronically, if possible. A party is considered served once the ex parte application has been e-filed. All parties registered for electronic service are sent a notification of ECF filing each time a document is e-filed with a link to the document for one free view. Defendants exempt from electronic

1  service must be served the ex parte application by facsimile or personal service.

2  *See* Local Criminal Rules 49-1.2, 49-1.3.2(b); Local Civil Rule 5-3.

3  Following service of the ex parte application by electronic, facsimile, or

4  personal service, the moving party shall notify the opposing party that any

5  opposition must be filed no later than twenty-four (24) hours following service.

6  Counsel will be notified by ECF of the court's ruling. If a party does not intend to

7  oppose an ex parte application, counsel must promptly inform the Courtroom

8  Deputy Clerk.

9  Ex parte applications to allow defendants to travel should be made well in

10  advance of the proposed date of travel. Counsel should state whether the Pretrial

11  Services Officer has approved the travel. Applications by defendants with

12  appointed counsel must indicate who will pay for the travel and related expenses.

13  If these expenses are not to be paid by the defendant's employer, the court may

14  require declarations under penalty of perjury from the persons paying the expenses.

15  **D.     Motions in Limine**

16  Motions in limine will generally be heard and ruled upon at the Final Pretrial

17  Conference. The court may rule orally instead of in writing. Each side is limited to

18  five (5) motions in limine unless the court grants leave to file additional motions.

19  All motions in limine must be filed at least twenty-eight (28) days before

20  the Final Pretrial Conference. Oppositions must be filed at least fourteen (14)

21  days before the Final Pretrial Conference. There shall be no replies. Motions in

22  limine and oppositions must not exceed ten (10) pages in length.

23  Before filing a motion in limine, the parties must meet and confer to

24  determine whether the opposing party intends to introduce the disputed evidence

25  and attempt to reach an agreement that would obviate the need for the motion.

26  Motions in limine should address specific issues (e.g., not "to exclude all

27  hearsay"). The court may strike without further notice excessive, unvetted or

28  untimely motions in limine.

### E.      Notice and Discovery

Counsel shall comply with all notice and discovery obligations set forth in Fed. R. Crim. P. 12, 12.1, 12.2, 12.3, 12.4, 15, and 16. The government shall promptly produce to counsel for the defendant any evidence falling within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Roviaro v. United States*, 353 U.S. 53 (1957), and *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). The parties are encouraged to produce witness statements pursuant to 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2 sufficiently in advance of trial or other proceeding to avoid delays. Defense counsel is reminded of its reciprocal discovery obligations pursuant to Fed. R. Crim. P. 26 and should promptly produce such materials to avoid delay at trial. A violation of this order or the government's obligations under *Brady, Giglio, Roviaro* or *Henthorn* may lead to a finding of contempt, imposition of sanctions, referral to a disciplinary authority, adverse jury instructions, exclusion of evidence, and dismissal of charges.

Counsel shall meet and confer to resolve discovery disputes informally prior to filing a motion to compel discovery. All discovery motions shall state with particularity what is requested, the basis for the request, whether the discovery at issue has been requested, and opposing counsel's response to such request. The court may decline to hear discovery motions made without prior consultation with opposing counsel.

### F.      Bail Review

Any request for bail review based on changed circumstances or information not previously presented to the Magistrate Judge shall be addressed in the first instance to the Magistrate Judge and shall be served on both opposing counsel and Pretrial Services.

///

///

## III.   TRIAL PROCEDURES

### A.       Final Pretrial Conference Requirements

No later than one (1) week before the Final Pretrial Conference, the government shall file and email the documents described below in Microsoft Word format to FLA_Chambers@cacd.uscourts.gov:

- •      A trial memorandum;
- •      A witness list;
- •      An exhibit list;
- •      A case-specific glossary for the Courtroom Deputy Clerk;
- •      Joint jury instructions in the form described below;
- •      A joint proposed verdict form; and
- •      Proposed voir dire questions, if any.

#### 1.    Trial Memorandum

The government's trial memorandum shall set forth: (i) a factual summary of the government's case-in-chief; (ii) a statement of the charges and the elements of each charge; (iii) a time estimate of the length of the government's case-in-chief, including anticipated cross-examination; and (iv) a discussion of relevant legal and evidentiary issues as applied to the facts of the particular case. The government shall specify, after a meet and confer, whether the parties agree or disagree on matters (i) through (iv).

#### 2.    Witness Lists

Witness lists must identify all potential witnesses, and must be in the format specified in Local Civil Rule 16-5. The lists must include for each witness: (i) a brief description of the testimony; (ii) the reasons the testimony is unique and not redundant; and (iii) a time estimate in hours for direct and cross-examination. The parties should use the template posted to Judge Aenlle-Rocha's webpage.

Any Amended Witness List must be filed by 12:00 p.m. (noon) on the Friday before trial and emailed to FLA_Chambers@cacd.uscourts.gov in Microsoft Word

format.

### 3.    Exhibit Lists

Exhibit Lists must be in the format specified in Local Civil Rule 16-6 and shall include an additional column stating any objections to authenticity and/or admissibility and the reasons for the objections. The parties should use the template posted to Judge Aenlle-Rocha's webpage. Exhibits shall be numbered sequentially 1, 2, 3, etc., not 1.1, 1.2, 1.3, etc. *See* Local Civil Rule 16-6. The list should include defense exhibits to the extent the defense does not object to disclosure.

Any Amended Exhibit List must be filed by 12:00 p.m. (noon) on the Friday before trial and emailed to FLA_Chambers@cacd.uscourts.gov in Microsoft Word format.

### 4.    Case-Specific Glossary

The parties must provide a case-specific glossary for the court reporter that includes applicable medical, scientific, or technical terms, gang terms, slang, the names and spellings of case names likely to be cited, street/city/country names, all parties/agents/departments/entities involved in the case, names of people interviewed/deposed, names of family members, friends, or others who might be mentioned, and other case-specific terminology.

### 5.    Jury Instructions

When possible, all instructions should be taken from the *Manual of Model Criminal Jury Instructions for the Ninth Circuit* (West Publishing, current edition). Where no applicable Ninth Circuit model instruction is available, counsel should consult the instructions from O'Malley, Grenig & Lee (formerly Devitt, *et al*.), *Federal Jury Practice and Instructions* (West Publishing Co., current edition). When submitting other than Ninth Circuit instructions, counsel should ensure the law on which the instruction is based is consistent with Ninth Circuit case law on the subject. Counsel may submit alternatives to the Ninth Circuit model jury instructions or O'Malley, Grenig & Lee instructions only if counsel has a reasoned

1   argument that those instructions do not properly state the law or are incomplete.

2   The court seldom gives instructions derived solely from case law.

3       For any disputed instruction, the opponent shall state on a separate page

4   following the disputed instruction: (a) the basis for the objection; (b) authority

5   supporting the objection; and (c) an alternative instruction (if applicable). On the

6   following page, the proponent shall briefly respond to the objection with supporting

7   authority. Where appropriate, the disputed instructions shall be organized by

8   subject, so that instructions that address the same or similar issues are presented

9   sequentially. If there are excessive or frivolous disagreements over jury

10  instructions, the court will order the parties to meet and confer immediately until

11  they substantially narrow their disagreements.

12      Jury instructions should be modified as necessary to fit the facts of the case

13  (e.g., inserting names of defendant(s) or witness(es) to whom an instruction

14  applies). Where language appears in brackets in the model instruction, counsel

15  shall select the appropriate text and eliminate the inapplicable bracketed text.

16      All proposed jury instructions must have an index that includes the following

17  for each instruction, as illustrated in the example below:

18      • the number of the instruction;

19      • the title of the instruction;

20      • the source of the instruction and any relevant case citations; and

21      • the page number of the instruction.

22  *Example:*

| Instruction Number | Title | Source | Page Number |
|---|---|---|---|
| #1 | Conspiracy-Elements | 9th Cir. 8.5.1 | 1 |

26      Counsel also shall list the instructions in the order they will be given and

27  indicate whether the instructions shall be read before opening statement, during

28  trial, or before closing arguments.

One or more copies of the instructions will be given to the jury during deliberations. Accordingly, counsel must email FLA_Chambers@cacd.uscourts.gov a "clean" set of all instructions in Microsoft Word format, containing only the text of each instruction, set forth in full on each page, with the caption "Instruction No. ____" (eliminating the title and source of the instruction, supporting authority, etc.).

### B.     Trial Requirements

On the first day of trial, court will commence at 8:30 a.m. and conclude at approximately 5:00 p.m., with a one-hour lunch break. The parties must appear at 8:30 a.m. to discuss preliminary matters with the court. The court will call a jury panel only when it is satisfied the case is ready for trial. Jury selection usually takes only a few hours. The parties should be prepared to proceed with opening statements and witness examination immediately after jury selection.

Fridays are usually reserved for the court's calendar. As a result, trial will not be held on Fridays unless the jury is deliberating or the court's calendar allows trial to proceed. Therefore, during the first week, trial days are generally Tuesday through Thursday. After the first week, trial days are generally Monday through Thursday. Trial days are from 8:30 a.m. to approximately 5:00 p.m., with two 15-minute breaks and a one-hour lunch break.

Any party requesting special court reporter services (i.e., real time transmission, daily transcripts) shall notify the reporter at least two (2) weeks in advance.

### 1.     Timing of Government Materials

The government must present the following materials to the Courtroom Deputy Clerk the first day of trial:

1. Three (3) copies of the indictment/information.
2. Three (3) copies of the government's witness list.
3. Three (3) copies of the government's exhibit list.
4. All government exhibits in accordance with III.B.3 below.

## 2.      Timing of Defense Materials

Defense counsel shall provide the government and the Courtroom Deputy the defense witness list and exhibit list at the start of the defense case, at the latest. Defense counsel shall also simultaneously email FLA_Chambers@cacd.uscourts.gov a Microsoft Word version of the defense witness list and defense exhibit list. Defense exhibits shall be submitted at the same time in accordance with III.B.3 below.

## 3.      Trial Exhibits

Trial exhibits that consist of documents and photographs must be submitted to the court in three-ring binders. The parties shall submit to the court two sets of binders: one (1) original set of trial exhibits, and two (2) copies of trial exhibits. The original set of exhibits shall be for use by the jury during its deliberations, and the two copies are for the court. The parties should prepare additional copies of exhibits for their own use and for use by witnesses. The parties must review the exhibit list and exhibit binders with the Courtroom Deputy Clerk after closing arguments before the admitted exhibits will be given to the jury.

All exhibits placed in three-ring binders must be indexed by exhibit number with tabs or dividers on the right side. Exhibits shall be numbered sequentially 1, 2, 3, etc., not 1.1, 1.2, etc. *See* Local Civil Rule 16-6. Every page of a multi-page exhibit must be numbered. Defendant's exhibit numbers shall not duplicate the government's numbers. The spine of each binder shall indicate the volume number and the range of exhibit numbers included in the volume.

- •     The original exhibits shall bear the official exhibit tags (yellow tags for the government's exhibits and blue tags for defendant's exhibits) affixed to the front upper right-hand corner of the exhibit, with the case number, case name, and exhibit number stated on each tag.
- •     The copy of exhibits must bear copies of the official exhibit tags that were placed on the original exhibits and be indexed with tabs or dividers

1    on the right side.

2    • Tags may be obtained from the Clerk's Office, or the parties may print

3    their own exhibit tags using Forms G-14A and G-14B on the "Court

4    Forms" section of the court's website at:

5    http://www.cacd.uscourts.gov/forms/exhibit-tags-plaintiff-defendant.

6    In cases with voluminous exhibits, in addition to the two sets of binders

7    above, the parties must also submit to the court a USB flash drive containing

8    electronic versions of all exhibits one (1) week before the start of trial. The USB

9    flash drive should be delivered to the judge's courtesy box located outside the

10   Clerk's Office on the 4th floor of the courthouse. The government's exhibits

11   should be placed in a separate folder from defendant's exhibits, if any, and the

12   document file names should include the exhibit number and a brief description of

13   the document, for example: "Ex. 1 - Smith Declaration.pdf" or "Ex. 105 - Letter

14   Dated 1-5-20.pdf."

15   The court provides audio/visual equipment for use during trial. The parties are

16   encouraged to use it. More information is available at:

17   http://www.cacd.uscourts.gov/clerk-services/courtroom-technology. The court

18   does not permit exhibits to be "published" to the jurors before they are admitted

19   into evidence. Once admitted, exhibits may be displayed electronically using

20   the equipment and screens in the courtroom. If any counsel wishes to arrange for

21   the use of additional equipment, counsel shall contact (213) 894-3061 to verify

22   and/or reserve demonstrative equipment and notify the Courtroom Deputy Clerk

23   no later than 4:00 p.m. at least one (1) week before trial so that the necessary

24   arrangements may be made.

25   Exhibits such as firearms, narcotics, etc., must remain in the custody of a law

26   enforcement agent during the pendency of the trial. It shall be the responsibility of

27   the agent to produce any such items for court, secure them at night, and guard them

28   at all times while in the courtroom. The United States Marshals Service shall be

advised well in advance if weapons or contraband is to be brought into the courthouse.

Counsel shall not attempt to display or use any charts or enlargements of exhibits unless all counsel have agreed to their use or objections have been heard and a ruling has been made by the court.

## IV.    CONDUCT OF ATTORNEYS AND PARTIES

### A.    Meeting and Conferring Throughout Trial

The parties must continue to meet and confer on all issues that arise during trial. The court will not rule on any such issue unless the parties have attempted to resolve it informally first.

### B.    Opening Statements, Witness Examinations, and Summation

Counsel shall not discuss the law or argue the case in opening statements. Counsel must use the lectern. Counsel should not consume jury time by writing out words and drawing charts or diagrams. All such aids must be prepared in advance. When appropriate, the court will establish and enforce time limits for all phases of trial, including opening statements, closing arguments, and the examination of witnesses.

### C.    Objections to Questions

Counsel must not make speaking objections before the jury or otherwise make speeches, restate testimony, or attempt to guide a witness.

When objecting, counsel must rise to state the objection and state only that counsel objects and the legal grounds for the objection. If counsel desires to argue an objection further, counsel must seek permission from the court to do so at sidebar.

### D.    General Decorum While in Session

1.    Counsel must not approach the Courtroom Deputy Clerk, the jury box, or the witness stand without court authorization and must return to the lectern when the purpose for the approach has been accomplished.

2.     Counsel must rise when addressing the court, and when the court or the jury enters or leaves the courtroom, unless directed otherwise.

3.     Counsel must address all remarks to the court. Counsel must not address the Courtroom Deputy Clerk, the court reporter, persons in the audience, or opposing counsel. Any request to re-read questions or answers shall be addressed to the court. Counsel must ask the court's permission to speak with opposing counsel.

4.     Counsel must not address or refer to witnesses or parties by first names alone, except for witnesses who are below age fourteen (14).

5.     Counsel must not offer a stipulation unless counsel have conferred with opposing counsel and have verified that the stipulation will be acceptable. Any stipulation of fact will require the defendant's personal concurrence and shall be submitted to the court in writing for approval. A proposed stipulation should be explained to the defendant in advance.

6.     Counsel must remain at counsel table throughout trial except to examine witnesses, or as otherwise needed to present evidence. Counsel must not leave counsel table to sit in the gallery or confer with any person in the back of the courtroom without the court's permission.

7.     Counsel must not make facial expressions, nod, shake their heads, comment, or otherwise exhibit in any way any agreement, disagreement, or other opinion or belief concerning the testimony of a witness or argument by opposing counsel. Counsel shall instruct their clients and witnesses not to engage in such conduct.

8.     Counsel must never speak to jurors under any circumstance, and must not speak to co-counsel, opposing counsel, witnesses, or clients if the conversation can be overheard by jurors. Counsel must instruct their clients and witnesses to avoid such conduct.

9.     Where a party has more than one lawyer, only one attorney may conduct the direct or cross-examination of a particular witness or make objections

1    as to that witness.

2       10. Bottled water is permitted in the courtroom but may not be

3    placed on counsel table or the lectern. Food and other beverages are not permitted.

4    Cell phones must be silenced or may be confiscated.

5      **E.**  **Promptness**

6       1. The court expects the parties, counsel, and witnesses to be prompt.

7    Once the parties and their counsel are engaged in trial, the trial must be their

8    priority. The court will not delay progress of the trial or inconvenience jurors.

9       2. If a witness was on the stand at the time of a recess or

10   adjournment, the party that called the witness shall ensure the witness is back on

11   the stand and ready to proceed as soon as trial resumes.

12      3. The parties must notify the Courtroom Deputy Clerk in advance if

13   any party, counsel, or witness requires a reasonable accommodation based on a

14   disability or other reason.

15      4. No presenting party may be without witnesses. If a party's

16   remaining witnesses are not immediately available, thereby causing an

17   unreasonable delay, the court may deem that party to have rested.

18      5. The court generally will accommodate witnesses by permitting

19   them to be called out of sequence. Counsel should meet and confer in advance and

20   make every effort to resolve the matter.

21     **F.**  **Exhibits**

22      1. No document shall be placed before a witness unless a copy has

23   been provided to the court and opposing counsel. The court does not permit

24   exhibits to be "published" to the jury by passing them up and down the jury box.

25   Exhibits may be displayed briefly using the screen in the courtroom unless the

26   process becomes too time-consuming.

27      2. Counsel must keep track of their exhibits and exhibit list, and

28   record when each exhibit has been admitted into evidence.

3.      Counsel are responsible for any exhibits they secure from the Courtroom Deputy Clerk and must return them before leaving the courtroom.

4.      Any exhibit not previously marked must be accompanied by a request that it be marked for identification at the time of its first mention. Counsel must show a new exhibit to opposing counsel before the court session in which it is mentioned.

5.      Counsel must inform the Courtroom Deputy Clerk of any agreements reached regarding any proposed exhibits, as well as those exhibits that may be received into evidence without a motion to admit.

6.      When referring to an exhibit, counsel must refer to its exhibit number. Counsel should instruct their witnesses to do the same.

7.      Counsel should not ask witnesses to draw charts or diagrams or ask the court's permission for a witness to do so. All demonstrative aids must be prepared fully in advance of the day's trial session.

## V.      SENTENCING

**Original Sentencing.** Once set, the sentencing hearing shall not be continued absent a detailed, substantial showing of good cause. No later than fourteen (14) days before the hearing, each party shall submit either a sentencing memorandum or a written notice of intent not to file one. Before considering any sentencing video, the court requires counsel to justify its submission, limit the video to less than ten (10) minutes, create a transcript, and provide the video and transcript to opposing counsel at least twenty-one (21) days before the hearing.

The court does not permit sentencing documents to be filed under seal except as strictly necessary and justified. When necessary, a sentencing document may be filed under seal along with a redacted version that deletes the confidential information and that justifies each deletion (e.g., "medical information").

**Supervision Violation.** Any material submitted for a hearing on an alleged or adjudicated violation of supervision shall be filed, when possible, seven (7)

1    days before the hearing, and otherwise no later than two (2) court days,

2    absent a showing of good cause set forth in a supporting declaration and

3    court approval.

4         IT IS SO ORDERED.

5

6    Dated:  June 21, 2022

7    FERNANDO L. AENLLE-ROCHA
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28